UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES HIGDON,

        Plaintiff,

v.                                                      Case No.: 3:24-cv-214-WWB-SJH

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's Complaint (Doc. 1) filed on February 27, 2024, seeking judicial review under 42 U.S.C. § 405(g) of a final decision by the Commissioner of the Social Security Administration ("**Commissioner**") denying Plaintiff's application for Social Security Disability Insurance Benefits. United States Magistrate Judge Samuel J. Horovitz issued a Report and Recommendation ("**R&R**," Doc. 23) recommending that the Commissioner's final decision be affirmed. Plaintiff filed Objections (Doc. 24). For the reasons set forth below, the R&R will be adopted in full.

**I. LEGAL STANDARDS**

    **A.**     **Objections to an R&R**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's

report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

**B.     Social Security**

To determine whether a Social Security claimant qualifies as disabled, the Commissioner uses a five-step sequential evaluation process, which considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The claimant primarily bears the burden of proving disability, but the burden temporarily shifts to the Commissioner at step five. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Review of the Commissioner's final decision as to disability is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* District courts

must review the record as a whole and may not reweigh facts or substitute their own judgment for that of the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The Commissioner, however, must "state with at least some measure of clarity the grounds for his decision" and will not be affirmed "simply because some rationale might have supported" the disability determination. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

## II. DISCUSSION

In his opening Brief (Doc. 16), Plaintiff raised a single issue, arguing that the Administrative Law Judge ("**ALJ**") should have included Plaintiff's use of a service dog in the residual functional capacity ("**RFC**") assessment or explained why it was not necessary to do so. In the R&R, the Magistrate Judge recommended finding that Plaintiff had failed to direct the Court to any record evidence that his service dog was medically necessary, i.e., that the use of the dog had been medically prescribed or recommended. (Doc. 23 at 7–8). Alternatively, the Magistrate Judge recommended holding that even if the service dog was medically necessary, Plaintiff failed to offer evidence that the consideration of the dog's use would have affected his RFC assessment or his ability to work. (*Id.* at 10–11).

In his Objections, Plaintiff argues that the medically prescribed or medically necessary test is not the proper test. Plaintiff's argument simply reiterates the argument raised in his Supplemental Brief (Doc. 22) and fails to persuade the Court for the reasons set forth in the R&R. To be clear, Plaintiff only argues that the proper test is the preponderance of the evidence, but Plaintiff fails to state what he is or should be required to prove by a preponderance of the evidence. That Plaintiff had a service dog? That his

dog provided some benefit in managing his symptoms? That the dog specifically provided a benefit that would be necessary to allow Plaintiff to engage in work at the level otherwise determined by his RFC? Because Plaintiff fails to argue what he was or should have been required to prove, he also fails to direct the Court to record evidence before the ALJ that shows he met this burden.

Plaintiff also relies on the recent holding in *Lowery v. Acting Commissioner, Social Security Administration*, for the proposition that the claimant is not required to meet the medical necessity test. No. 22-13913, 2024 WL 890133, at *4 (11th Cir. Mar. 1, 2024). While the Eleventh Circuit did not rely on the medically necessary test, it also did not reject the test. *Id.* Rather, the holding in *Lowery* was based on the ALJ's determination that the use of the service dog was explicitly recognized by the ALJ as a mitigating factor relevant to the RFC determination. *Id.* at *3. Here, however, the ALJ merely reiterated Plaintiff's testimony regarding his use of the dog. The ALJ did not make any finding that the service dog was necessary or useful to mitigate Plaintiff's symptoms or otherwise provided a medical benefit that would impact Plaintiff's RFC. Accordingly, Plaintiff's reliance on *Lowery* is misplaced.

Plaintiff's remaining objections take issue with the R&R's recommendation regarding Plaintiff's failure to provide evidence that the use of his service dog would affect his RFC assessment or ability to work and discussion of the relevant medical evidence. However, these arguments were not presented in Plaintiff's briefings before the Magistrate Judge. "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Here, Plaintiff appears to be merely

4

waiting "to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.* (quotation omitted). In each successive filing, Plaintiff has provided new or additional arguments not presented in his first brief and continues to shift his approach in an effort to get a favorable ruling. Accordingly, the Court declines to consider arguments not presented to the Magistrate Judge. Even if the Court were to consider Plaintiff's newly raised arguments, the Court agrees that the record is lacking in evidence that Plaintiff's service animal was medically prescribed or recommended or that Plaintiff presented sufficient evidence that without his service animal he would not be able to perform the RFC presented to the vocational expert. Therefore, Plaintiff's objections will be overruled.

### III. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 24) are **OVERRULED**.
2. The Report and Recommendation (Doc. 23) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. The Commissioner's final decision is **AFFIRMED**.
4. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on March 12, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record